IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CYNTHIA BEATRICE SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:05-cv-00057 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BARBARA WHEELER, Warden, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Cynthia Beatrice Scott brings this 28 U.S.C. § 2254 action challenging her convictions for solicitation to commit a felony, statutory burglary with intent to commit murder, rape or robbery while armed with a deadly weapon, robbery, aggravated malicious wounding, grand larceny, and four counts each of conspiracy to commit robbery, forgery, and uttering. Scott claims double jeopardy and ineffective assistance of counsel, and she claims that she did not enter her guilty plea knowingly and voluntarily. This matter is before the court on the respondent's motion to dismiss. The court finds that Scott's double jeopardy claim is exhausted but defaulted; that the Supreme Court of Virginia has already adjudicated two of Scott's ineffective assistance claims and rendered decisions that were not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts; and that Scott's claim that her plea was not knowing and voluntary and her remaining ineffective assistance claims are meritless. Therefore, the court grants respondent's motion to dismiss.

I.

In the Circuit Court of Campbell County, Scott pled guilty to solicitation to commit a felony, statutory burglary with intent to commit murder, rape or robbery while armed with a

deadly weapon, robbery, aggravated malicious wounding, grand larceny, and four counts each of conspiracy to commit robbery, forgery, and uttering. During the plea colloquy, Scott stated that she understood that she was giving up certain constitutional rights, including her right to a jury trial and her right to appeal; that she understood the constitutional rights explained in her guilty plea; that her signature on the plea was authentic; that she understood that the court could sentence her to three life terms plus 120 years; that no one had induced her to enter the plea through threats or promises; that she had had ample time to discuss all the charges with her court-appointed counsel, who had done everything she expected him to do on her behalf; and that she was totally and completely satisfied with her attorney. The court accepted Scott's guilty plea as knowing, voluntary, and intelligent and sentenced Scott to 40 years.[1]

Scott appealed to the Court of Appeals of Virginia; however, she did not respond to the court's original show cause order, and the court dismissed her appeal.[2] Scott then filed a habeas petition with the Supreme Court of Virginia. Scott claimed, among other things, that she was tried in violation of double jeopardy and that she did not enter her guilty plea knowingly and voluntarily, maintaining that she would not have entered the plea "if [she] had been made aware of the evidence against [her]." Scott also claimed that her attorney had provided ineffective assistance by failing to respond to her letters or phone calls, by advising her to waive her preliminary hearing despite her "questions about evidence," by advising her to plead guilty, by

---

[1] The court originally sentenced Scott to 91 years with 15 years suspended; however, after sentencing, Scott filed a motion for reconsideration. The trial court granted her motion and suspended an additional 36 years.

[2] Scott asked her counsel to file a notice of appeal. However, once the state court granted her motion to reconsider and suspended a larger portion of her sentence, she asked counsel to abandon her appeal.

failing to respond to two letters from the Virginia State Bar, by failing to argue guidelines issues at the hearing on Scott's motion for reconsideration, by failing to argue for a change of venue, by failing to "ask for evidence to be used at trail," and by failing to have a court reporter "take down testimony for use at trial."

The Supreme Court of Virginia held that Scott had defaulted her double jeopardy claim under the rule in Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974). The court further held that Scott had failed to show prejudice stemming from her attorney's alleged failure to respond to communications after she entered her guilty plea,[3] that Scott's claim that her attorney failed to argue guidelines issues at rehearing was meritless because Scott had no underlying constitutional right to the assistance of counsel at the hearing on her motion for reconsideration, and that Scott's claims regarding her attorney's failure to respond to letters from the Virginia State Bar were not cognizable on state habeas.[4] As for Scott's claim that she did not enter her guilty plea knowingly and voluntarily and Scott's remaining ineffective assistance claims, the Supreme Court of Virginia held that, under Anderson v. Warden, 281 S.E.2d 885, 888 (1981), Scott's representations during the plea colloquy foreclosed her claims.

In her federal habeas petition, Scott again claims that she was subjected to double jeopardy and that she did not enter her plea knowingly and voluntarily, and she raises the same ineffective assistance claims.

---

[3]The Supreme Court of Virginia cited Strickland v. Washington, 466 U.S. 668, 687 (1984).

[4]The Supreme Court of Virginia cited Virginia Parole B. v. Wilkins, 498 S.E.2d 695, 696 (1988) (holding that habeas relief is only available where a decision in the prisoner's favor would "affect the lawfulness of his immediate custody and detention").

3

## II.

On state habeas, the Supreme Court of Virginia found under Slayton v. Parrigan[5] that Scott had procedurally defaulted her double jeopardy claim. Scott has not shown cause and prejudice to excuse her procedural default, see Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)), so the court dismisses the claim.

## III.

The federal habeas statute prohibits this court from granting relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 354-5 (2000). The court finds that the Supreme Court of Virginia adjudicated two of Scott's ineffective assistance claims on the merits–her claim that her attorney failed to respond to communications after she entered her guilty plea and her claim that her attorney failed to raise guidelines issues at the hearing on Scott's motion for reconsideration–and that the adjudications were not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court dismisses those claims.

When adjudicating Scott's claim regarding counsel's alleged failure to respond to

---

[5] 205 S.E.2d 680, 682 (1974); see also Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (holding the Slayton rule to be an adequate and independent state ground for procedural default).

4

communications following the entry of her guilty plea, the Supreme Court of Virginia cited the correct applicable Supreme Court precedent, Strickland, and the court did not unreasonably apply the rule of that case. Scott does not explain how her attorney's alleged failure to correspond might have affected the outcome of her case. Thus, it was not unreasonable or contrary to federal law for the Supreme Court of Virginia to find that Scott's attorney's alleged failure to reply to communications did not prejudice Scott. See Strickland, 466 U.S. 668.

When adjudicating Scott's claim regarding counsel's alleged failure to raise guidelines issues at the hearing on her motion for reconsideration, the Supreme Court of Virginia correctly noted that Scott was not constitutionally entitled to the assistance of counsel at the hearing and, therefore, dismissed her claim. See United States v. Legree, 205 F.3d 724, 729-730 (4th Cir. 2000) (holding that fundamental fairness does not require a hearing and appointed counsel to assist appellant with his motion for sentence reduction). That decision was not unreasonable or contrary to federal law. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (holding that an ineffective assistance of counsel claim is tenable only when there is an underlying Sixth Amendment right to counsel).

## IV.

The Supreme Court of Virginia dismissed Scott's claim that she did not enter her plea knowingly and voluntarily and Scott's remaining ineffective assistance claims under the rule in Anderson v. Warden, 281 S.E.2d 885, 888 (1981), holding that Scott's representations during the plea colloquy foreclosed her claims. The scope of the Anderson rule is unclear, so the court will not treat it as an independent and adequate state ground for procedural default. See Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000). Because the Supreme Court of Virginia did not

adjudicate the claims on the merits, this court must do so. Id.

Scott claims that her guilty plea was not knowing and voluntary because she "had not been made aware of the evidence against [her]." She claims that she would not have pled guilty had her attorney discussed the evidence with her or demanded a preliminary hearing. This claim contrasts sharply with Scott's claims during her plea colloquy that she was entering the plea knowingly and voluntarily, that her plea was not the product of promises or threats, and that she was fully satisfied with her attorney's performance. Scott "is bound by the representations [she] made during the plea colloquy" unless she can show by clear and convincing evidence that her plea was the product of misrepresentations, threats, or illicit promises. See Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (citing Burket, 208 F.3d at 191). Scott has made no such showing here, and the court dismisses her claim.

As for Scott's remaining ineffective assistance claims, the court finds each meritless. Scott claims that her attorney erred by failing to respond to her letters or phone calls before her guilty plea, by advising her to waive her preliminary hearing despite her "questions about evidence," by advising her to plead guilty, by failing to respond to two letters from the Virginia State Bar, by failing to argue for a change of venue, by failing to "ask for evidence to be used at trail," and by failing to have a court reporter "take down testimony for use at trial." However, Scott entered a knowing and voluntary guilty plea, and the court has found that the plea was not the product of her attorney's allegedly defective performance. Thus, Scott has not shown that her attorney's alleged errors affected the ultimate outcome of her case. See Strickland, 466 U.S. 668. Therefore, the court dismisses her ineffective assistance claims.

6

## V.

For the foregoing reasons, the court grants respondent's motion to dismiss.

ENTER: This __10th__ day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE